United States District Court
Southern District of Texas
ENTERED

SEP 4 2009

Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

HILDA TREVINO, §
  §
  Plaintiff, §
  §
v. § CIVIL ACTION NO. B-08-152
  §
MICHAEL J. ASTRUE, Commissioner of §
Social Security Administration, §
  §
  Defendant. §

## OPINION AND ORDER

BE IT REMEMBERED that on September 4, 2009, the Court considered Plaintiff Hilda Trevino's and the Defendant Michael J. Astrue's briefs regarding Plaintiff's request for judicial review. Dkt. No. 1. For the reasons that follow, the Plaintiff's appeal from the decision of the Commissioner is **GRANTED** and the decision is **REVERSED**. The Court **REMANDS** this case to the Social Security Administration for the computation and payment of a period of disability and disability insurance benefits to the Plaintiff.

### I. Procedural Background

On June 21, 2004, Plaintiff filed an application for a period of disability and disability insurance benefits with the Social Security Administration ("SSA") under Title II of the Social Security Act ("the Act") alleging that she was unable to work due to a combination of conditions, but primarily because of problems associated with back and knee problems. Plaintiff's application was denied on August 26, 2004 and again by a Notice of Reconsideration dated January 12, 2005. Dkt. No. 7, at 47-51, 52, 53-56. Plaintiff then requested an administrative hearing, which was held on June 21, 2007, before an Administrative Law Judge ("ALJ"). A medical expert ("ME") and a vocational expert ("VE") testified at the hearing. On July 27, 2007, the ALJ determined in a written decision that Plaintiff was not disabled. *Id.* at 14-20. The Appeals Council upheld this determination by denying Plaintiff's request for an appeal on March 15, 2008, which became the final judgment of the Commissioner of Social Security ("Commissioner"). *Id.* at 53-56. Plaintiff

filed a complaint pursuant to section 405(g) of the Social Security Act seeking review of the Commissioner's final judgment. *See* 42 U.S.C. § 405(g).

The parties do not dispute the first four steps of the ALJ's analysis. *See* 20 C.F.R. § 404.1520(a)(4). At step one, the ALJ determined that the Plaintiff had not engaged in substantial gainful activity since her alleged onset date. Dkt. No. 7, at 16. At step two, the ALJ found that Plaintiff's lower back problem, knee problem, and obesity were severe impairments. *Id.* At step three, the ALJ determined that Plaintiff's impairments did not meet or medically equal the requirements of any listed impairments for presumptive disability under the regulations. *Id.* Next, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work activity with an ability to lift up to ten pounds maximum; stand and walk two to three hours; sit six hours; and change positions every two to three minutes to stretch at thirty minute to one hour intervals. *Id.* at 16-17. The ALJ found that Plaintiff could not climb, crawl, balance, or squat; climb ropes, ladders, or scaffolds; perform overhead lifting bilaterally; or perform overhead reaching with her right upper extremity. *Id.* at 17. The ALJ also found that Plaintiff could occasionally push and pull and perform gross and fine manipulations with her right upper extremity. *Id.* at 17. At step four, the ALJ determined that Plaintiff was unable to perform her past relevant work.[1] *Id.* at 19.

At step five, the ALJ determined, based on VE testimony, that Plaintiff had acquired work skills of data entry, interviewing, and record keeping from her past relevant work. *Id.* The ALJ determined that those work skills were transferrable to other occupations with jobs existing in significant numbers in the national economy. *Id.* at 19-20. The VE testified that Plaintiff's previous work was so similar to the sedentary unskilled jobs of systems surveillance monitor, sorter/weigher, and paramutual ticket checker, the Plaintiff could perform these jobs with very little vocational adjustment, and a finding of not disabled was appropriate. *Id.* at 20.

---

[1] Plaintiff was employed for almost twenty-two years as an immunization community outreach clerk for the Texas Department of Health, a skilled occupation demanding medium physical exertion as she performed it. Dkt. No. 7, at 83, 91, 297-99, 336.

2

The only issue between the parties is whether the Commissioner properly found that Plaintiff was not entitled to benefits because she could perform other work existing in significant numbers in the national economy, and whether that decision comports with the relevant law. Dkt. No. 18, at 1. Plaintiff argues the ALJ erred by not applying Medical-Vocational Guideline ("Grid Rule") 201.06. Dkt. No. 17. Plaintiff argues that an individual who has done skilled work in the past but cannot use her acquired skills on other skilled or semi-skilled work is deemed the same as an unskilled worker. *Id.* at 10; 20 C.F.R. § 404.1565(a); SSR 82-41, 1982 WL 31389 *2 (1982). Grid Rule 201.00(d) takes administrative notice that a person of advanced age who can no longer perform vocationally relevant past work and has no transferrable skills is entitled to a finding of disabled. 20 C.F.R. Pt. 404, Subpt. P., App. 2, Rule 201.00(d). Plaintiff argues that, in comments accompanying proposed regulations as recently as 2003, the Commissioner has expressed his intent to treat claimants without transferrable skills the same as claimants with solely unskilled work experience. Dkt. No. 17, at 10; 68 Fed. Reg. 40213-01, 2003 WL 21516118 (Jul. 7, 2003)(Our regulations . . . provide that, if your skills cannot be transferred to other work within your RFC, we consider you to be no better off than if you have only unskilled work experience"). Furthermore, Plaintiff argues that an ALJ's decision to adopt a VE's identification of jobs which would override a direction to enter a decision of disabled under the Grid Rules is invalid. Carson v. Barnhart, 140 Fed. App'x 29, 39 (10th Cir 2005); *see also* Bolton v. Callahan, 984 F. Supp. 510 (N.D. Tex. 1997).

Defendant responds that the ALJ held, based on the VE's testimony, that the Plaintiff possessed acquired skills that could be transferred to other semi-skilled positions. Dkt. No. 18, at 6; Dkt. No. 7, at 20, 337-38. However, due to an additional limitation that did not involve the transferability of skills, Plaintiff could only perform three other unskilled positions. Defendant responds that Grid Rule 201.06 does not apply in this case, because it applies only to individuals who performed skilled work in the past but cannot use the acquired skills in other skilled or semi-skilled work. Dkt. No. 18, at 7. However, here the VE affirmed that Plaintiff's skills were transferrable to other semi-skilled positions. *Id.* Therefore, the ALJ should not have applied the Grid Rule in this case. *Id.* When an individual's vocational factors do not coincide directly with the criteria of a Grid Rule, the

rule does not apply, and therefore the rule does not direct a finding of disabled or not disabled. *Id.* at 8; 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 200.00(a). Defendant argues that because Plaintiff's vocational factors did not coincide with Grid Rule 201.06, the ALJ properly did not apply the rule, but instead properly applied Grid Rule 201.07 as a framework and utilized VE testimony to satisfy his step five burden. Dkt. No. 18, at 8; Dkt. No. 7, at 20.

In surreply, Plaintiff argues that the Defendant confuses the issue of acquired skills with transferrable skills. Dkt. No. 21, at 2. The ALJ held that Plaintiff "acquired" data entry skills, interviewing skills, and record-keeping skills in her past work. Dkt. No. 21, at 4; Dkt. No. 7, at 19. Skills are acquired by performance of an occupation above the unskilled level. Dkt. No. 21, at 4-5; SSR 82-41, 1982 WL 31389 at *2. However, Plaintiff argues that transferability requires applying work skills demonstrated in past jobs to meet the requirements of skilled or semi-skilled occupations other than those performed before becoming impaired. *Id.* Plaintiff argues that if the Claimant has acquired skills, the Commissioner must consider whether they are transferable. Dkt. No. 21, at 5. This involves considering whether the claimant can use them in new skilled or semi-skilled work that is within her current RFC. Moore v. Astrue, Civil Action No. 1:08-020-C, 2009 WL 804133 at *7 (N.D. Tex. Mar. 26, 2009) (citing 20 C.F.R. § 404.1568(d)); *see also* Brown v. Astrue, Civil Action No. 3:07-1980-N, 2009 WL 1228487 (N.D. Tex. May 1, 2009). Plaintiff argues that the Defendant has an affirmative burden to "link up" the skills the claimant possesses with any proposed new jobs. Jeffcoat v. Sec. of Health and Hum. Servs., 910 F. Supp. 1187, 1195 (E.D. Tex. 1995). Plaintiff argues that the ALJ only ruled that Plaintiff acquired work skills, not that her acquired skills are transferrable. Dkt. No. 21, at 6; Dkt. No. 7, at 19. The ALJ did not link up Plaintiff's acquired skills with any new skilled or semi-skilled occupations within her RFC. Dkt. No. 21, at 6. Furthermore, an individual cannot transfer skills to unskilled work. *Id.* at 7; SSR 00-4p, 2000 WL 1898704 at *3 (Dec. 4, 2000). Because Plaintiff's skills are not transferrable, the ALJ should have applied Grid Rule 201.06 to Plaintiff's claim.

## II. Standard of Review of Disability Claim

Disability under the Act is defined as the "inability to engage in any substantial

gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). A determination of whether a claimant is disabled for the purpose of receiving disability insurance benefits under the Act requires a five-step "sequential evaluation":

> 1. An individual who is working and engaging in substantial gainful activity will not be found to be disabled regardless of medical findings. See 20 C.F.R. §§ 404.1520(b), 416.920(b).
> 2. An individual who does not have a "severe impairment" will not be found to be disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).
> 3. An individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors. 20 C.F.R. §§ 404.1520(d), 416.920(d).
> 4. If an individual is capable of performing the work she has done in the past, a finding of "not disabled" must be made. 20 C.F.R. §§ 404.1520(e), 416.920(e).
> 5. If an individual's impairments preclude her from performing her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed. 20 C.F.R. §§ 404.1520(f), 416.920(f).

*Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). "A finding that a claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis." *Greenspan*, 38 F.3d at 236 (quoting *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987)). Although the claimant bears the initial burden of showing he is disabled on the first four steps of the analysis, if the burden is satisfied, the Commissioner then bears the burden of establishing the claimant is capable of performing work in the national economy. *See id.* If the Commissioner sustains his burden that other work exists in significant numbers in the national economy, which the claimant can perform despite his impairments, the burden returns to the claimant to demonstrate that he cannot perform the alternate work. *See Boyd*, 239 F.3d at 705.

Judicial review of the Commissioner's final judgment, and in this case the ALJ's decision, is limited to two inquires: (1) whether the decision is supported by substantial evidence in the record; and (2) whether the ALJ used the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267,

272 (5th Cir. 2002); *Greenspan*, 38 F.3d at 236. Substantial evidence means the evidence is enough to allow a reasonable mind to support the Commissioner's decision–that is, it must be more than a mere scintilla of evidence, but can be less than a preponderance of the evidence. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Masterson*, 309 F.3d at 272; *Brown*, 192 F.3d at 496.

The Court "scrutinize[s] the record to determine whether [substantial] evidence is present." *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001) (citations omitted). When the Commissioner's findings are supported by substantial evidence, the findings are conclusive and the Court must affirm the Commissioner's decision. *See Watson v. Burnhart*, 288 F.3d 212, 215 (5th Cir. 2002). In reviewing the Commissioner's decision, the Court may not re-weigh the evidence, try the issues *de novo*, or substitute its own judgment. *See Masterson*, 309 F.3d at 272. "Conflicts in the evidence are for the Commissioner and not the courts to resolve." *Masterson*, 309 F.3d 272.

### III. Analysis

The fifth step of the sequential test requires the Commissioner to conduct a two-pronged analysis. First, the Commissioner must determine the claimant's RFC, defined as "what you can still do despite you limitations," including physical and mental abilities and other impairments. 20 C.F.R. § 416.945(a). Determining a claimant's RFC entails a determination of whether, despite the severe impairment, the claimant has the physical and mental ability to perform activities generally required in certain categories of work.

The second step in the two-pronged analysis requires the Commissioner to consult the Medical Vocational Guidelines. *See* 20 C.F.R. Subpt. P, App. 2 (2004). The grids consist of a matrix of general findings directing the conclusion of "disabled" or "not disabled." The grids are designed to take administrative notice of the availability of jobs within the national economy, and the conclusions they direct are based on the claimant's RFC, age, education, and work experience. When individual factors for a specific claimant are compared to the general findings in the grids, the Commissioner determines whether

alternative work that the specific claimant can perform exists in the economy.[2]

At the Plaintiff's hearing, the VE testified that Plaintiff's occupation as a community outreach worker was skilled work. Dkt. No. 7, at 336. The ALJ first posed a hypothetical question to the VE describing the following limitations: (1) lifting ten pounds maximum; (2) standing two to three hours in an eight-hour workday; (3) sitting six hours in an eight-hour workday; (4) changing positions for two or three minutes at thirty minute to one hour intervals; (5) no overheard lifting; and (6) occasionally reaching overhead and pushing/pulling with the right upper extremity. *Id.* The VE testified that an individual with such limitations and Plaintiff's past work history retains certain skills like data entry, interviewing, and record-keeping that are transferrable to new sedentary occupations. *Id.* Specifically the VE testified that Plaintiffs skills would be transferrable to three new semi-skilled occupations: receptionist, data entry clerk, and appointment clerk. *Id.* at 338.

However, the ALJ did not rule that Plaintiff could perform these jobs. Rather, the ALJ ruled that Plaintiff's RFC was more limited than described in his first hypothetical. In addition to the aforementioned limitations, the ALJ held that Plaintiff is unable to perform

---

[2] The grids are generally a "shortcut that eliminates the need for calling in vocational experts." *Trimiar v. Sullivan*, 966 F.2d 1326, 1332 (10th 1992) (citation omitted). Thus, in many instances, the ALJ will determine whether a claimant is disabled from performing substantial gainful work that exists in the economy by taking administrative notice of a disability based on the grids, rather than call a vocational expert to testify. "The separate rules consider varying combinations of age ranges, educational levels attained, and job skills exemplified by previous employment, and direct, based on those four factors, a finding of disability or nondisability." *Thomas v. Schweiker*, 666 F.2d 999, 1003 (5th Cir. 1982). Not all impairments match the grids. The guidelines apply only when all of the claimant's qualifications match those listed in the guidelines exactly. 20 C.F.R. Pt 404, Subpt. P, App. 2, § 200.00. "To establish that work exists for a claimant, the [ALJ] may rely on the Grid, only if the guidelines' evidentiary underpinnings coincide exactly with the evidence of disability appearing in the record." *Bowling Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Scott v. Shalala*, 30 F.3d 33, 34-35 (5th Cir. 1994) ("Where any one of the findings of fact does not coincide with the corresponding criterion of a rule [within the Grid], the rule does not apply in that particular case and, accordingly, does not direct a conclusion to disabled or not disabled.")).

gross manipulation and fine manipulation more than occasionally.[3]  *Id.* at 17.

When presented with a second hypothetical question adding limitation of occasional gross and fine manipulation to the other limitations in the first hypothetical, the VE identified only the unskilled occupations of surveillance system monitor, sorter/weigher, and ticket checker as within the capabilities of a person with the limitations of the hypothetical. *Id.* at 339-40.

Plaintiff argues that the ALJ failed to apply the grid in determining that she is not disabled, and that the ALJ should have applied Rule 201.06.  Rule 201.06 applies to an individual 55-59 years old who is limited to sedentary work, with a remote high school education and has skilled or semiskilled-skills that are not transferrable.  If an individual meets this criteria he is disabled. *See* 20 C.F.R., pt. 404, subpt. P, app. 2, table 1, Rule 201.06.  Plaintiff argues she falls within the listed criteria of Rule 201.06 because her previously acquired skills are not transferrable to any jobs within her RFC.

The Ninth Circuit has held that the Commissioner "must treat a skilled or semi-skilled work history with no transferable skills as equivalent to an unskilled work history." *Silveira v. Apfel*, 204 F.3d 1257, 1260 (9th Cir. 2000); *see also* SSR 00-4p, 2000 WL 1898704 at *3 (Dec. 4, 2000); SSR 03-2p, at n.5; *Barillaro v. Commissioner of Social Security*, 216 F. Supp.2d 121, 131-32 (E.D. NY 2002).

To show that the Plaintiff's skills are transferrable, the Commissioner must identify new skilled or semi-skilled work where the Plaintiff can use her skills and that are within her current RFC.  Moore v. Astrue, Civil Action No. 1:08-020-C, 2009 WL 804133 at *7 (N.D. Tex. Mar. 26, 2009) (citing 20 C.F.R. § 404.1568(d)); *see also* Brown v. Astrue, Civil Action No. 3:07-1980-N, 2009 WL 1228487 (N.D. Tex. May 1, 2009).  As Plaintiff rightly argues, the Defendant has an affirmative burden to "link up" the skills the claimant possesses with any proposed new jobs.  Jeffcoat v. Sec. of Health and Hum. Servs., 910 F. Supp. 1187,

---

[3] Gross manipulation or "handling" is "seizing, holding, grasping, turning, or otherwise working primarily with the whole hand or hands."  SSR 85-15, 1985 WL 56857 *7 (1985).  Fine manipulation, or "fingering," involves "picking, pinching, or otherwise working primarily with the fingers." *Id.*  Occasionally means occurring from very little up to two hours and forty minutes during an eight-hour workday.  SSR 83-10, 1983 WL 31251 *5 (1983).

1194 (E.D. Tex. 1995). In this case, the Commissioner failed to present evidence of any jobs within the Plaintiff's RFC to which the Plaintiff's acquired skills were transferrable.

Here, the only jobs that the VE identified that the Plaintiff could perform were three unskilled jobs. However, any skills acquired in semi-skilled or skilled work are by their nature not transferrable to unskilled jobs. As a result, the Commissioner has not met his burden of showing that there are jobs available in the national economy to which the Plaintiff's skills are transferrable. Therefore, the evidence presented at the hearing coincides exactly with that necessary to apply Grid Rule 201.06. See Bowling, 36 F.3d at 435 (citing Scott, 30 F.3d at 34-35) ("Where any one of the findings of fact does not coincide with the corresponding criterion of a rule [within the Grid], the rule does not apply in that particular case and, accordingly, does not direct a conclusion to disabled or not disabled.")). The Court holds that the ALJ erred by not applying the proper legal standard. As a result, the ALJ's decision is not substantiated by the evidence in the record  This Court finds that under the applicable law, the ALJ was required to apply Grid Rule 201.06 and therefore was required to enter a finding of disabled. Accordingly, this Court finds that the Plaintiff is entitled to a finding of disabled under Grid Rule 201.06.

## IV. Conclusion

The Plaintiff's appeal is therefore **GRANTED** and the decision of the Commissioner is **REVERSED**. The Court **REMANDS** this case to the Social Security Administration for the computation and payment of a period of disability and disability insurance benefits to the Plaintiff.

DONE at Brownsville, Texas, on September ___, 2009.

Hilda G. Tagle
United States District Judge